UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK HAWKINS,
    Plaintiff,

vs.                              Case No.:  1:23cv242/AW/ZCB

RICKY DIXON, et al.,
    Defendants.
                                   /

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Because Plaintiff filed this action as an *in forma pauperis* prisoner, the Court is required to screen the third amended complaint (Doc. 18) and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (setting forth the screening responsibility); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). The Court has undertaken its screening obligation and believes that Plaintiff's claims against Assistant Warden Kennedy,

1

the Florida Department of Corrections (FDOC), and FDOC Secretary Dixon should be dismissed.

## I. Background

Plaintiff's third amended complaint names seven Defendants. (Doc. 18 at 1-5). Five of them are officers at Cross City Correctional Institution: (1) Sergeant Redwine, (2) Lieutenant Rayboune, (3) Sergeant Sikes, (4) Sergeant Burnstein, and (5) Assistant Warden Kennedy. The remaining two Defendants are the FDOC and FDOC Secretary Dixon (sued in his individual capacity).

Plaintiff's complaint involves an alleged use of excessive force that occurred on June 30, 2023. According to Plaintiff, Defendants Redwine, Sikes, and Burnstein beat him repeatedly while he was in hand and leg restraints. (*Id.* at 7). Defendant Rayboune—a supervisor—supposedly stood by and did nothing to stop the beating. (*Id.* at 8-9). The beating allegedly caused Plaintiff to suffer physical injuries and mental trauma. (*Id.* at 8). Plaintiff claims he was denied medical treatment for his injuries. (*Id.*).

After the incident, Plaintiff filed a grievance with Defendant Assistant Warden Kennedy. (*Id*. at 9). He then unsuccessfully appealed the denial of that grievance to Defendant Secretary Dixon. (*Id*. at 9). According to Plaintiff, neither Kennedy nor Dixon took any disciplinary action against the officers who allegedly beat Plaintiff. (*Id*.).

In his third amended complaint, Plaintiff claims Defendants Redwine, Sikes, and Burnstein violated the Eighth Amendment by using excessive force and denying Plaintiff medical treatment. (*Id*. at 12). He further claims Defendants Rayboune, Kennedy, and Dixon violated the Eighth Amendment by failing to intervene. (*Id*.). Plaintiff seeks compensatory and punitive damages. (*Id*.).

## II.  Screening Standard

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Plaintiff's claim against the FDOC should be dismissed under § 1915(e)(2)(B)(iii) because it is barred by sovereign immunity.**

In addition to the individuals named as Defendants, Plaintiff has also named the FDOC itself. (Doc. 18 at 2, 4). Plaintiff's claim against the FDOC is barred by Eleventh Amendment doctrine of state sovereign immunity.

The Eleventh Amendment doctrine of state sovereign immunity bars federal lawsuits against states (and their agencies) unless a state has waived its sovereign immunity or Congress has abrogated it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Congress has not abrogated state sovereign immunity in § 1983 cases. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). Nor has Florida waived its sovereign immunity in such cases. *Driessen v. Univ. of Miami Sch. of Law*, 835 F. App'x 489, 492 (11th Cir. 2020).

Because the FDOC is a state agency and state sovereign immunity has been neither waived nor abrogated, Plaintiff's § 1983 claim against the FDOC should be dismissed. *See Alabama v. Pugh*, 438 U.S. 781, 782

(1978) (holding that Eleventh Amendment state sovereign immunity bars a § 1983 suit against a state department of corrections); *see also Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 766 (11th Cir. 2020) (finding that a prisoner's lawsuit against the FDOC was barred by Eleventh Amendment state sovereign immunity).

**B.    Plaintiff's claims against Assistant Warden Kennedy and Secretary Dixon should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).**

As previously mentioned, Plaintiff claims that Defendant Assistant Warden Kennedy and Defendant Secretary Dixon violated the Eighth Amendment by failing to intervene to prevent Defendant Redwine's use of excessive force on June 30, 2023. (Doc. 18 at 12). Plaintiff further alleges that Defendants Kennedy and Dixon failed to "take action" against the officers who used excessive force against him. (*Id.* at 9, 12).

Defendants Kennedy and Dixon are supervisory officials with the FDOC who have been sued in their individual capacities. In the Eleventh Circuit, "the standard by which a supervisor is held liable in his or her individual capacity for the actions of a subordinate is extremely rigorous." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir.

6

2023) (cleaned up). It is clear that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (cleaned up). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* at 1360 (citation omitted).

For supervisory liability purposes, a causal connection may be established when (1) a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (cleaned up).

Here, Plaintiff does not allege that Defendants Kennedy or Dixon personally participated in the use of excessive force. Thus, in order to

7

state a claim against them Plaintiff must plausibly allege a causal connection between their actions and Plaintiff's alleged injuries. Plaintiff has failed to do so. Plaintiff claims that Defendant Redwine had a "history of widespread abuse on other inmates." (Doc. 18 at 9). According to Plaintiff, if Defendants Kennedy and Dixon had taken action against Defendant Redwine previously, then he would not have "been around to batter[] me." (*Id*.). Plaintiff has not sufficiently alleged that Defendants Dixon and Kennedy were aware of the prior "abuse" by Defendant Redwine, nor does he provide any details regarding that alleged "abuse." Instead, Plaintiff has simply provided a vague and conclusory allegation. *See Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (stating that "vague and conclusory statements are insufficient to support supervisory liability"). Plaintiff's allegations fail to satisfactorily identify the type of "obvious, flagrant, rampant" abuse of "continued duration" that is required to establish supervisory liability. *Id.*

Additionally, the fact that Defendant Kennedy denied Plaintiff's grievance and Defendant Dixon denied his appeal cannot form the basis of a supervisory liability claim under § 1983. *See Hoever v. Belleis*, 703

8

F. App'x 908, 912 (11th Cir. 2017) (affirming dismissal of supervisory liability claim against prison administrators because their denial of grievances regarding the conduct of subordinates "was insufficient to establish that the supervisors instigated or encouraged unlawful conduct."); *see also Williams v. Adkinson*, No. 3:17cv184, 2020 WL 982007, at *5 (N.D. Fla. Feb. 7, 2020), *adopted by* 2020 WL 980144 (explaining that "merely denying a grievance, without personally participating in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability"). Thus, Plaintiff has failed to state a plausible supervisory liability claim against Defendants Kennedy and Dixon.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's claim against Defendant Florida Department of Corrections be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(iii) because it seeks monetary relief from an immune entity;

2. Plaintiff's claims against Defendants Kennedy and Dixon be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and

3. This matter be returned to the undersigned for further proceedings on Plaintiff's claims against Defendants Redwine, Sikes, Burnstein, and Rayboune.

At Pensacola, Florida, this 15th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.